NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH FRANCO and GEORGINA SIRAKIDES, <br><br> Plaintiffs, <br><br> v. <br><br> NEW JERSEY STATE POLICE, et al., <br><br> Defendants. | CIVIL ACTION NO. 15-5551 (MLC) <br><br> **MEMORANDUM OPINION** |

**THE PARTIES** were ordered to show cause why the Court should not (1) remand this action due to untimely removal, or (2) stay and administratively terminate this action on several grounds. (See dkt. 9.) The Court assumes the familiarity of the parties with the Order to Show Cause. The Court will resolve the Order to Show Cause on the papers. See L.Civ.R. 78.1(b).

**THE DEFENDANTS** in response have demonstrated that this action was timely removed. (See dkt. 15 at 2–5 (demonstrating relevant state-court order was entered June 12, 2015, but not received by defendants until June 17, 2015); dkt. 15-1 at 2–3 (same); dkt. 17 at 5 (same).) The argument by the plaintiffs to the contrary is without merit. (See dkt. 16 at 7 (arguing motion practice preceding entry of state-court order triggered thirty-day period under 28 U.S.C. § 1446(b)(3)).) The Court will vacate the part of the Order to Show Cause concerning untimely removal.

**THE PARTIES** acknowledge that disciplinary proceedings involving the plaintiffs are pending before the New Jersey Office of Administrative Law ("State Administrative Proceedings"). (See dkt. 12 at 7, 11; dkt. 15 at 13–14; dkt. 16 at 5, 7–8.) Pursuant to the Younger abstention doctrine, the Court thus intends to abstain from adjudicating the claims in this action until the conclusion of the State Administrative Proceedings, including any appeals from any decisions issued therein to the New Jersey appellate courts. See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982) (discussing Younger abstention doctrine); see also ACRA Turf Club v. Zanzuccki, 748 F.3d 127, 138 n.9 (3d Cir. 2014) (suggesting state administrative proceeding and subsequent state-court review are part of single unitary process under Younger).

**THE COURT** lacks the authority to dismiss any claims or remand this action pursuant to the Younger abstention doctrine in this instance, and thus will stay and administratively terminate this action pending the outcome of the State Administrative Proceedings. See Gwynedd Props. v. Lower Gwynedd Twp., 970 F.2d 1195, 1204 & n.14 (3d Cir. 1992) (stating in Younger context that district court is without discretion to dismiss, rather than stay, monetary-relief claim that may not be redressed in state proceeding); Bongiorno v. Lalomia, 851 F.Supp. 606, 610–17 (D.N.J. 1994) (staying action, rather than dismissing complaint, as monetary-damage claim might not be resolved in pending state proceeding), aff'd, 39 F.3d 1168 (3d Cir. 1994).[1]

---

[1] The Court would be compelled to remand this action to state court for lack of subject-matter jurisdiction if the plaintiffs were to voluntarily dismiss their recently-added claims brought under 42 U.S.C. § 1983.

**THE PARTIES** are advised to (1) refrain from moving to reopen this action until the State Administrative Proceedings are resolved, and (2) submit proper documentation in support of that potential motion to reopen, e.g., final orders disposing of the State Administrative Proceedings.  The plaintiffs, assuming the Court were to grant a motion to reopen, must then seek leave to amend their allegations to reflect the resolution of the State Administrative Proceedings.

**THE OTHER ISSUES** raised in the Order to Show Cause need not be addressed because either (1) the parties have demonstrated that they are moot, or (2) the Court is relying upon <u>Younger</u> abstention.  For good cause appearing, the Court will (1) grant the Order to Show Cause insofar as it concerns a stay and an administrative termination pursuant to the <u>Younger</u> abstention doctrine, (2) vacate the Order to Show Cause insofar as it concerns other issues, and (3) issue an appropriate order and judgment.

    s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

**Dated:**  October 26, 2015