UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH FRANCO, et al.<br><br>Plaintiffs,<br><br>v.<br><br>NEW JERSEY STATE POLICE, et al.<br><br>Defendants. | Civil Action No. 15-5551 (FLW)<br><br><br>MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge**

Currently before the Court is Plaintiff Kenneth Franco ("Franco") and Plaintiff Georgina Sirakides' ("Sirakides") (collectively "Plaintiffs") motion to Re-open the Case and File Amended Complaints (Docket Entry No. 20). Defendants New Jersey State Police, Vincent Parenti, James Nestor, Brian Slattery and Kenneth Sirakides (collectively "State Defendants") oppose Plaintiffs' Motion to Amend but take no position on Plaintiffs' Motion to Re-open the Case (Docket Entry No. 25).

The Court has fully reviewed the papers submitted in support of and in opposition to Plaintiffs' motion. The Court considers Plaintiffs' motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth below, Plaintiffs' motion is GRANTED.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On June 20, 2012, and November 26, 2012, respectively, Plaintiffs filed Complaints in the Superior Court of New Jersey alleging violations of the New Jersey Law against Discrimination's ("NJLAD") prohibition against sexual harassment and conduct creating a hostile, intimidating, discriminatory and/or abusive working environment. (*Pls.' Br. in Supp. of Mot*. at 1-2). Plaintiffs also asserted that they were retaliated against after complaining about the hostile working conditions. (*Id*.) The two Complaints were consolidated on February 14, 2014.

1

(*Id.*)  At that time, they were also stayed pending certain criminal proceedings instituted against Sirakides by the New Jersey State Police (the "NJSP"). (*Id.*) They were later reopened on August 8, 2014 after Plaintiffs moved to reactivate the case. (*Id.*)

On May 14, 2015, Plaintiffs were served certain disciplinary charges and were indefinitely suspended without pay by the NJSP. (*Id.* at 3). Around the same time, Plaintiffs separately moved to amend their operative Complaints in order to include claims pursuant to 42 U.S.C. § 1983. (*Id.*) Plaintiffs' motions were granted on June 12, 2015 and Plaintiffs thereafter filed their amended pleadings.  In light of the newly asserted Section 1983 claims, on July 15, 2015, the State Defendants removed the consolidated actions to this Court. (*Id.* at 3-4).

On August 7, 2015 the District Court issued an Order to Show Cause why (1) the consolidated actions should not be remanded; (2) the consolidated actions should not be stayed; or (3) all of the claims should not be dismissed. (Docket Entry No. 9). Ultimately, after considering the submissions of the parties, the District Court held that it lacked the authority to dismiss any claims or remand this action pursuant to the Younger abstention doctrine and stayed and administratively terminated this action pending the outcome of the state administrative proceedings. (Docket Entry No. 18 at 2).

On June 28, 2017, Plaintiffs and the NJSP reached a settlement in the state administrative proceedings.  Nevertheless, certain issues regarding Plaintiffs' back pay and Sirakides' involuntary ordinary disability retirement application persisted. (*Id.* at 1, 5). These issues were resolved at the end of September 2017.  Plaintiffs, believing no further action would be taken in any state proceedings, filed the instant motion on October 27, 2017, seeking to re-open the case and amend their Complaints.  Both "Plaintiffs seek to amend their Complaints to remove certain causes of action for declaratory and equitable relief related to the disciplinary proceedings, which

have now been resolved in light of the parties' June 2017 Settlement Agreements." (*Id*. at 7). In addition, Franco seeks to amend his Complaint to include facts "recently discovered" during the underlying administrative and disciplinary matters to his Complaint and "to assert an additional related cause of action under the New Jersey Law Against Discrimination" ("NJLAD"). (*Id*.) Like Franco, Sirakides seeks to amend her Complaint to assert recently discovered facts, "all of which relate back to her Second Amended Complaint." (*Id*. at 8).

The State Defendants take no position with respect to Plaintiffs' request to reopen this matter. However, they oppose Plaintiffs' request to amend, arguing that Plaintiffs' amendments are futile. (*Defs.' Letter Br. in Opp'n* at 2.) In this regard, the State Defendants note that both Franco in his proposed Second Amended Complaint (Counts 5-7 and 9-14) and Sirakides in her proposed Third Amended Complaint (Counts 6-8 and 10-16) assert state torts, yet neither Plaintiff filed a notice of claim. (*Id*.) They further note that both Franco in his proposed Second Amended Complaint (Counts 8 and 15) and Sirakides in her proposed Third Amended Complaint (Counts 9 and 17-18) name the NJSP / State of New Jersey as Defendants in their New Jersey Civil Rights Act ("NJCRA") and Section 1983 claims respectively. (*Id*.) The State Defendants argue that the aforementioned claims are futile because a notice of claim is a prerequisite to a viable state tort cause of action, and, as just stated, neither Plaintiff filed one, and because "[i]t is well settled that neither 42 U.S.C. 1983, nor NJCRA provide causes of action against the State or one of its subdivisions like the NJSP. (*Id*. at 3). Thus because Plaintiffs' proposed Amended Complaints include non-viable causes of action, the State Defendants argue that Plaintiffs' motion to amend must be denied as futile. (*Id*. at 9).

In response to the State Defendants' opposition, Plaintiffs offered to cure the deficiencies that allegedly existed in their initial proposed amended pleadings. In this regard, even though

3

the state law tort claims were already part of this case, Plaintiffs removed them from the proposed Amended Complaints attached to their reply brief. (*Pl.'s Reply Br.* at 2). Additionally, Plaintiffs "submitted revised and curative versions of their proposed amended complaints to make clear that Plaintiffs seek to assert Section 1983 claims against certain individual Defendants in their personal capacity, and not against the New Jersey State Police, or an individual in their official capacity." (*Id*. at 4). Given these changes, Plaintiffs argue that their proposed amended pleadings are no longer futile. Further, they contend that under relevant case law they should be provided an opportunity to file Amended Complaints if it appears that pleading deficiencies can be corrected. (*Id*. (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *Grayson v. Mayview State Hosp*., 293 F.3d 103, 108 (3d Cir. 2002))).

## II.     ANALYSIS

The Court agrees with Plaintiffs that from a procedural standpoint, it appears that this matter is ripe for the Court's consideration and should be reopened. The Court notes that the State Defendants do not argue otherwise. As a result, the Court grants Plaintiffs' request to reopen this case and focuses the remainder of Its analysis on Plaintiffs' request to amend their Complaints.

### A. Standard of Review

Pursuant to FED.R.CIV.P. ("Rule") 15(a)(2), leave to amend the pleadings is generally given freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading

4

should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). Here, the State Defendants only raise futility in opposition to Plaintiffs' request to amend. As a result, the Court examines same below.

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court utilizes the motion to dismiss standard under Rule 12(b)(6) (*see Alvin*, 227 F.3d at 121) and considers only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief[.]" *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Additionally, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as

true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

**B. Discussion**

As an initial matter, the Court notes that it does not address whether a motion to amend is appropriately denied as futile because causes of action that are already part of the case (*i.e.,* causes of action that appear in a complaint already filed with the Court and are merely carried over into the proposed amended pleading) would allegedly fail to survive a motion to dismiss. Suffice it to say, here, Plaintiffs voluntarily agreed to remove their originally pled, yet challenged, state tort claims. The Court does not examine them further herein. Similarly, Plaintiffs voluntarily agreed to amend their NJCRA and Section 1983 claims so that they are only asserted against individual State Defendants in their personal capacities.

Under these circumstances, the Court shall permit Plaintiffs to file their proposed Amended Complaints. The Court appreciates that the State Defendants have not had an opportunity to address Plaintiffs' "cured" proposed amendments included with their Plaintiffs' reply. However, said amendments do appear to address all of the concerns outlined in the State Defendants' opposition. In light of same, coupled with the liberal standard governing amendments to the pleadings and the fact that Defendants may, if they deem it appropriate, challenge the sufficiency of Plaintiffs' claims when they respond to the Amended Complaints, Plaintiffs' request to amend is granted. Franco shall file his Second Amended Complaint and Sirakides shall file her Third Amended Complaint no later than **April 23, 2018**.

### III.     Conclusion

For the reasons set forth above, Plaintiff's Motion to Re-open the Case and File Amended Complaints is GRANTED.  An appropriate Order follows.

Dated:  April 16, 2018

                               s/ Tonianne J. Bongiovanni
                       **HONORABLE TONIANNE J. BONGIOVANNI**
                       **UNITED STATES MAGISTRATE JUDGE**